## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VALERY RAFALSKY,** | Civil Case No.:  17-460 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **THE TERMINIX INTERNATIONAL COMPANY, L.P.,** | |
| Defendant. | |

## INTRODUCTION

1.      This action arises out of Defendant The Terminix International Company, L.P.'s ("Terminix" or "Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and invasion of Plaintiff Valery Rafalsky's privacy.

2.      On August 20, 2013, Mr. Rafalsky received 395 autodialed telephone calls to his T-Mobile telephone number.

3.      From August 21, 2013 to September 18, 2015, Mr. Rafalsky received an additional seven calls to his T-Mobile telephone number.

4.      On August 19, 2016, Mr. Rafalsky received a remarkable 807 calls to his T-Mobile telephone number.

5.      All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

6.      These calls also appeared to made using a prerecorded voice.

7.      The calls continued after Plaintiff asked Defendant to stop calling.

8.      Defendant's actions violate the TCPA, and Plaintiff is entitled to $500 to $1500 per

call.

9.      Defendant's actions further invaded Plaintiff's privacy by intruding upon his seclusion.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

11.     This Court has personal jurisdiction over Defendant because Defendant conducts significant amounts of business within this District and directed its wrongful conduct at this District.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to the claim occurred in this District.

## PARTIES

13.     Plaintiff is a citizen and resident of West Windsor, New Jersey.

14.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

15.     Defendant Terminix is, and at all times mentioned herein was, a Delaware corporation headquartered at 860 Ridge Lake Boulevard, Memphis, TN 38120.

16.     Defendant Terminix is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## FACTS

17.     Defendant has placed telephone calls to Plaintiff's telephone number 609-###-1111.

18.     Plaintiff's telephone number is assigned to a cellular telephone service –

specifically, T-Mobile.

19.     On August 20, 2013, Mr. Rafalsky received 395 telephone calls from Defendant to the aforementioned telephone number.

20.     These calls began at 3:45 PM eastern and continued until 9:00 PM eastern, with no more than fifteen minutes between each call.

21.     These calls all came from Defendant's telephone number 856-787-9823.

22.     These calls rendered Mr. Rafalsky's telephone unusable for the duration.

23.     The following day, after the calls had finally finished, Mr. Rafalsky called Terminix at the 9823 number to let it know what had occurred, and to tell Terminix to make sure he received no further calls.

24.     Mr. Rafalsky heard nothing further from Terminix until August 5, 2014, when he received two additional calls from Telephone number 609-587-7101.

25.     Mr. Rafalsky heard nothing further from Terminix until September 18, 2015, when he received five additional calls from 1-800-837-6464.

26.     On August 19, 2016, almost three years exactly from the August 20, 2013 calls, Mr. Rafalsky received a remarkable 807 calls from Defendant.

27.     These calls began nearly at 3:50:13 – approximately the same time as the August 20, 2013 calls began – and ended at 9:00:02 PM – approximately the same time as the August 20, 2013 calls began.

28.     These calls came in every 10-13 seconds.

29.     These calls all came from Defendant's telephone number 1-800-837-6464.

30.     These calls rendered Mr. Rafalsky's telephone number unusable for the duration.

31.     All of the aforementioned calls actually reached or rang Mr. Rafalsky's telephone, rather than being some sort of "phantom" calls.

32.     While Mr. Rafalsky did not personally answer all of the calls (this would have been impossible), the calls Mr. Rafalsky did answer contained prerecorded messages inviting him to schedule pest control services with Defendant.

33.     Mr. Rafalsky's telephone number has been on the national "do not call" list since 2003.

34.     All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

35.     This is evidenced by the sheer volume of calls, which would have been impossible for manually dialed calls.

36.     This is further evidenced by the calls Plaintiff answered, as he was greeted by a period of unnatural silence before Defendant's prerecorded message would play.

37.     Upon information and belief, all of the calls contained a prerecorded or artificial voice. This not only is evidence of autodialer usage (as it makes little sense to manually dial a call just to play a message), but calls made using a prerecorded voice are separately actionable, even if manually dialed.

38.     These calls all appeared to be for telemarketing purposes.

39.     Plaintiff never gave Defendant his prior express written consent to make such calls to his telephone number.

4

40.     Defendant's actions were willful and/or knowing because Defendant made the calls of its own volition, and continued to do so after being asked to stop.

41.     Plaintiff has suffered concrete harm as a result of Defendant's telephone calls, including, but not limited to, tying up his telephone line with unsolicited calls, lost time tending to the unwanted telephone calls and responding to Defendant's unlawful conduct, the invasion of his privacy by calls continuing after he asked Defendant to stop calling, and nuisance.

42.     These forms of concrete harm are sufficient for Article III standing purposes.

43.     Plaintiff is entitled to statutory damages, actual damages, and injunctive relief for these violations of the TCPA.

44.     For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to $500 to $1500 per call, or $604,500 to $1,813,500 for the 1,209 calls described herein.

45.     For violations of 47 U.S.C. § 227(c), Plaintiff is entitled to an additional $500 to $1500 per call, or an additional $604,500 to $1,813,500 for the 1,209 calls described herein.

46.     In addition to violations of the TCPA, Defendant's conduct constitutes common law invasion of privacy by intrusion upon seclusion.

47.     These calls occurred at such an extraordinary rate as to amount to a course of hounding and harassing Plaintiff and would be highly offensive to a reasonable person.

48.     As a result of the calls, Plaintiff suffered from anger, anxiety, distress, frustration, and embarrassment.

49.     Plaintiff is therefore entitled to an award of actual damages.

50.     Plaintiff is also entitled to an award of punitive damages.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**

51.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

52.     Defendant placed calls to Plaintiff's telephone number at a rate largely unprecedented in TCPA litigation.

53.     Plaintiff's telephone number is assigned to a cellular telephone service.

54.     As alleged, these calls all used an "automatic telephone dialing system."

55.     As alleged, these calls all used a prerecorded or artificial voice.

56.     Plaintiff did not provide Defendant with prior express written consent to call his cellular telephone number.

57.     Defendant continued to call Plaintiff after Plaintiff asked Defendant to stop calling.

58.     The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

59.     Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

60.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c), *et seq.*.

61.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62.     Defendant placed calls to Plaintiff's telephone number at a rate largely unprecedented in TCPA litigation.

63.     Plaintiff's telephone number has been on the national do not call registry since 2003.

64.     As alleged, these calls were all telephone solicitations, as they were intended to encourage the purchase of Defendant's pest control services.

65.     Plaintiff did not provide Defendant with his prior express invitation or permission.

66.     Plaintiff did not have an established business relationship with Defendant, and even if he did, his August 21, 2013 do not call request terminated any established business relationship for the purpose of telemarketing telephone calls.

67.     Plaintiff received two or more telephone calls in a 12-month period.

68.     Plaintiff is entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(c)(5)(B).

69.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5)(C).

### THIRD CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c), *et seq.*.

70.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

71.     Separate and apart from Defendant's TCPA violations, Defendant's conduct of calling Plaintiff hundreds of times in a single day (on two separate occasion) constituted an unreasonable intrusion upon Plaintiff's seclusion and interfered with his right to be left alone.

72.     These telephone calls were repeated with such persistence and frequency as to amount to a course of hounding and harassing Plaintiff and would be highly offensive to a reasonable person.

73.     As a result of the calls, Plaintiff suffered from anger, anxiety, distress, frustration, and embarrassment, not to mention the loss of his ability to use his phone for the duration of the calls.

74.    As a result, Plaintiff is entitled to an award of actual damages.

75.    Plaintiff is also entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Valery Rafalsky prays for the following relief:

A.    An order declaring that Defendant's actions violate the aforementioned laws and statutes;

B.    An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C.    An award statutory damages;

D.    An award of treble damages;

E.    An award of actual damages;

F.    An award of punitive damages;

G.    An award of attorneys' fees and costs;

H.    Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** January 23, 2017

*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Jeremy M. Glapion, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

**Dated:** January 23, 2017

*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com